SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Raquelle L. Kaye
Julie Lanz
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel for Debtors*
*and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **ROUST CORPORATION,** | : | **Case No. 16-23786** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **CEDC FINANCE CORPORATION LLC,** | : | **Case No. 16-23787** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **CEDC FINANCE CORPORATION INTERNATIONAL, INC.** | : | **Case No. 16-23788** |
| | : | |
| | : | **(Joint Administration Pending)** |
| **Debtor.** | : | |

## DEBTORS' MOTION FOR ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b) AND (II) WAIVING REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1) AND BANKRUPTCY RULES 1005 AND 2002(n)

Roust Corporation ("Roust") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, the "Company"), hereby move (the "Motion") this Court for entry of an order (the "Order") substantially in the form attached hereto as Exhibit A, under section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 1005, 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing, but not directing, (i) the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only, and (ii) a waiver of the requirements that the captions and certain notices in these chapter 11 cases contain certain identifying information with respect to each Debtor.  In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Grant Winterton in Support of Chapter 11 Petitions, First Day Pleadings, and Confirmation of the Joint Prepackaged Chapter 11 Plan of Reorganization of Roust Corporation, et al. (the "First Day Declaration"), filed with the Court concurrently herewith.[1]  In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First-Day Declaration.

2

2.      The predicates for the relief requested herein are Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005, 1015(b), and 2002(n).

3.      Pursuant to Bankruptcy Rule 7008, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

### A.      The Chapter 11 Cases

4.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  Substantially contemporaneous with the commencement of the Chapter 11 Cases, the Debtors filed with this Court, among other things, (a) a joint prepackaged plan of reorganization (the "Plan") and (b) a disclosure statement (the "Disclosure Statement") related thereto.  The Plan has received overwhelming acceptance with 100% of holders of Existing Senior Secured Notes Claims and Existing Convertible Notes Claims that voted on the Plan voting to accept the Plan.  The Debtors have also concurrently filed herewith a motion requesting a combined hearing for approval of the Plan and Disclosure Statement to be held on January 6, 2017.

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committee has been appointed by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), nor has a trustee or examiner been appointed in the Chapter 11 Cases.

**B.      Background and Current Business Operations**

6.      Roust, a Delaware corporation, is the direct parent of Debtor CEDC

Finance Corporation LLC ("CEDC FinCo LLC"), a Delaware limited liability company, and the

indirect parent of Debtor CEDC Finance Corporation International, Inc., a Delaware corporation

("CEDC FinCo").  The Debtors are holding companies that were formed for the purposes of

obtaining debt financing and do not have any other independent operations.  Roust is also the

indirect parent of numerous non-debtor operating subsidiaries organized under the laws of

Poland, Russia, and several other nations, none of which are in insolvency proceedings.  The

Company is one of the world's largest vodka producers and the largest integrated spirit beverages

business by total volume, in Central and Eastern Europe.

7.      Additional factual background regarding the Debtors, including their

business operations, their capital and debt structure, and the events leading to the filing of the

Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**RELIEF REQUESTED**

8.      By this Motion, the Debtors seek entry of an order (i) consolidating the

Chapter 11 Cases for procedural purposes only under Bankruptcy Rule 1015(b) and, (ii) waiving

the requirement of Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n)

that the case caption and certain notices in the Chapter 11 Cases contain certain identifying

information with respect to each Debtor.

9.      For the reasons set forth herein, the Debtors submit that the relief

requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders and

other parties in interest, and therefore, should be granted.

4

**BASIS FOR RELIEF**

10.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates.  Fed. R. Bankr. P. 1015(b).  The Debtors in these proceedings are Roust, and two of its subsidiaries, CEDC FinCo LLC and CEDC FinCo.  Roust is the direct parent of, and wholly owns CEDC FinCo LLC, as well as the indirect parent of CEDC FinCo.  As such, Roust and CEDC FinCo LLC and CEDC FinCo are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).  Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

11.     Moreover, the joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  It would be far more practical and expedient for the administration of the Chapter 11 Cases if the Court were to authorize their joint administration.  Indeed, the Debtors anticipate that all notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect all of the Debtors.  Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.  Moreover, joint administration will ease the burden on the U.S. Trustee in supervising these bankruptcy cases.

12.     Joint administration will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on all documents that will be served and filed herein and (b) file papers in one case rather

5

than in multiple cases.  Moreover, joint administration will relieve this Court of the burden of

entering duplicative orders and maintaining duplicative files.  Joint administration will also

protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11

Cases will be apprised of the various matters before the Court in the Chapter 11 Cases.

13.    No party will be prejudiced by the relief requested in the Motion.

Specifically, the relief sought herein is solely procedural and is not intended to affect substantive

rights.  Each creditor and other party in interest will maintain whatever rights it has against the

particular estate in which it allegedly has a claim or right.

14.    In furtherance of the foregoing, the Debtors request that the official

caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **ROUST CORPORATION., *et al.*** | : | **Case No. 16-23786** |
| | : | |
| **Debtors.** [1] | : | **(Jointly Administered)** |
| | : | |
| | : | |

15.    Section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n),

which incorporates Bankruptcy Rule 1005, provide that notices under Bankruptcy Rule 2002

should contain certain information, including the full tax identification number of each Debtor

and any other names used by the Debtors in the previous eight years.  Fed. R. Bankr. P. 2002(n).

---

[1]    The Debtors and their respective addresses are as follows: Roust Corporation, 777 Westchester Avenue, Suite 101, White Plains, New York 10604 and CEDC Finance Corporation International, Inc. and CEDC Finance Corporation LLC, 1209 Orange Street, Wilmington, Delaware 19801.

The Debtors submit that use of this simplified caption without full tax identification numbers and previous names will ensure a uniformity of pleading identification.  All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, the last four digits of their tax identification numbers, and their addresses.

16.    Moreover, the full tax identification numbers and previous names will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties in interest, including on a website[2] to be maintained by the Debtors' proposed noticing and claims agent, and will be provided by the Debtors upon request.  In addition, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) is purely procedural in nature and will not affect the rights of parties in interest.  Therefore, the Debtors submit that the policies underlying the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been satisfied.

17.    In addition, the Debtors request that the Court make a docket entry on the dockets of the chapter 11 cases of CEDC FinCo and CEDC FinCo LLC substantially as follows:

> An order has been entered in this case consolidating this case with the case of Roust Corporation, Case No. 16-23786, for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 16-23786 should be consulted for all matters affecting this case.

18.    This and other courts have granted similar relief in other chapter 11 cases. See, e.g., Atlas Resource Partners, L.P., Case No. 16-12149 (SHL) (Bankr. S.D.N.Y. Jul. 27, 2016); Fairway Group Holdings Corp., Case No. 16-11241 (MEW) (Bankr. S.D.N.Y. May 02, 2016); SunEdison, Inc., et al., Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Apr. 21, 2016);

---

[2]    http://dm.epiq11.com/Roust

TGHI, Inc., Case No. 16-10300 (MEW) (Bankr. S.D.N.Y. Feb. 09, 2016); Chassix Holdings, Inc., et al., Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015).[3]

## NOTICE

19.     Notice of this Motion shall be given to the following notice parties (the "Notice Parties"): (a) the U.S. Trustee, (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis), (c) Kirkland & Ellis LLP, counsel for the Steering Committee of holders of Existing Senior Secured Notes, (d) Cadwalader, Wickersham & Taft LLP, counsel for the Steering Committee of holders of Existing Convertible Notes, (e) U.S. Bank National Association, as indenture trustee for the Existing Senior Secured Notes and the Existing Convertible Notes, (f) Deutsche Bank AG, London Branch, as Polish security agent for the Existing Senior Secured Notes and the Existing Convertible Notes, (g) TMF Trustee Limited, as security agent for the Existing Senior Secured Notes and the Existing Convertible Notes, and (h) any such other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

20.     No previous request for the relief sought herein has been made to this Court or any other court.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[3]     Because of the voluminous nature of the orders cited herein, they are not attached to the Motion.  Copies of these orders, however, are available on request.

3

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto, granting the relief requested in the Motion and such

other and further relief as may be just and proper.

Dated:  New York, New York
        December 30, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Jay M. Goffman*
Jay M. Goffman
Mark A. McDermott
Raquelle L. Kaye
Julie Lanz
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel for Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **ROUST CORPORATION,** | : | **Case No. 16-23786** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

---

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **CEDC FINANCE CORPORATION LLC,** | : | **Case No. 16-23787** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

---

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **CEDC FINANCE CORPORATION** | : | **Case No. 16-23788** |
| **INTERNATIONAL, INC.** | : | |
| | : | **(Joint Administration Pending)** |
| **Debtor.** | : | |

---

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11
CASES PURSUANT TO BANKRUPTCY RULE 1015(b) AND (II) WAIVING
REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1) AND
<u>BANKRUPTCY RULES 1005 AND 2002(n)</u>**

Upon the motion (the "<u>Motion</u>")[1] of the Debtors for entry of an order (the "<u>Order</u>")

under section 342(c)(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rules

1005, 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>"), authorizing, but not directing, (i) the joint administration of the Debtors' separate

Chapter 11 Cases for procedural purposes only, and (ii) a waiver of the requirements that the

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

captions and certain notices in these Chapter 11 Cases contain certain identifying information

with respect to each Debtor; and upon the First Day Declaration; and due and sufficient notice of

the Motion having been given under the particular circumstances; and it appearing that no other

or further notice need be provided; and it appearing that the relief requested by the Motion is in

the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties

in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.        The Motion is GRANTED as set forth herein.

2.        Each of the above-captioned Chapter 11 Cases of the Debtors are

consolidated for procedural purposes only and shall be administered jointly in accordance with

Bankruptcy Rule 1015(b).  Procedural consolidation shall be for administrative purposes only

and shall not be a substantive consolidation of the Debtors' estates.

3.        The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | : |
| **In re:** | : **Chapter 11** |
| | : |
| **ROUST CORPORATION.,** *et al.* | : **Case No. 16-23786** |
| | : |
| **Debtors.**[1] | : **(Jointly Administered)** |
| | : |
| | : |

---

[1]    The Debtors and their respective addresses are as follows: Roust Corporation, 777 Westchester Avenue, Suite 101, White Plains, New York 10604 and CEDC Finance Corporation International, Inc. and CEDC Finance Corporation LLC, 1209 Orange Street, Wilmington, Delaware 19801.

2

4.      All original pleadings shall be captioned as indicated in the preceding

decretal paragraph, and all original docket entries shall be made in the case of Roust Corporation,

Case No. 16-23786.

5.      The requirements under Bankruptcy Code section 342(c)(1) and

Bankruptcy Rules 1005 and 2002(n) that the case caption and other notices mailed in the Chapter

11 Cases include the Debtors' tax identification numbers and other identifying information about

the Debtors are hereby waived.

6.      A docket entry shall be made on the dockets of the Chapter 11 Cases of

CEDC FinCo and CEDC FinCo LLC substantially as follows:

> An order has been entered in this case consolidating this case with the case of
> Roust Corporation, Case No. 16-23786, for procedural purposes only and
> providing for its joint administration in accordance with the terms thereof. The
> docket in Case No. 16-23786 should be consulted for all matters affecting this
> case.

7.      The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

8.      This Court retains jurisdiction to hear and determine all matters arising

from or related to the implementation or interpretation of this Order.


Dated:  New York, New York
_____, 2017


                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

2