SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Jay M. Goffman
Mark A. McDermott
Raquelle L. Kaye
Julie Lanz
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel for Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ROUST CORPORATION,** *et al.*, | **Case No. 16-23786 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF MOTION OF REORGANIZED DEBTORS FOR ENTRY OF FINAL
DECREE AND ORDER CLOSING THE REORGANIZED DEBTORS'
CHAPTER 11 CASES**

      **PLEASE TAKE NOTICE** that on April 3, 2017, the reorganized debtors in the

above captioned chapter 11 cases, (collectively, the "Reorganized Debtors"), filed the Motion of

Reorganized Debtors for Entry of a Final Decree and Order Closing the Reorganized Debtors'

Chapter 11 Cases (the "Motion").

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take

place on **April 25, 2017 at 10:00 a.m.** (prevailing Eastern time) before the Honorable Robert D.

---

[1]    The Debtors and their respective addresses are as follows: Roust Corporation, 777 Westchester Avenue, Suite 101, White Plains, New York 10604 and CEDC Finance Corporation International, Inc. and CEDC Finance Corporation LLC, 1209 Orange Street, Wilmington, Delaware 19801.

Drain, United States Bankruptcy Judge for the Southern District of New York, in the United

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

      **PLEASE TAKE FURTHER NOTICE** that any objection to the Motion must be

(a) filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on April 18,

2017 (the "Objection Deadline") and (b) served so as to be actually received by the following

parties by the Objection Deadline: (i) the Reorganized Debtors, Roust Corporation, 777

Westchester Avenue, Suite 101, White Plains, New York 10604, Attn: Grant Winterton; (ii)

counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times

Square, New York, New York 10036, Attn: Jay Goffman, Esq. (Jay.Goffman@skadden.com),

Mark A. McDermott, Esq. (Mark.McDermott@skadden.com) and Raquelle L. Kaye, Esq.

(Raquelle.Kaye@skadden.com); (iii) the Office of the United States Trustee for the Southern

District of New York, Office of the United States Trustee for Region 2, 201 Varick Street, Suite

1006, New York, New York 10014, Attn: Greg M. Zipes; (iv) counsel for the Existing Senior

Secured Notes Steering Committee, Kirkland & Ellis LLP, 601 Lexington Avenue, New York,

New York 10022, Attn: Paul Basta, P.C. (pbasta@kirkland.com) and Robert Britton, Esq.

(Robert.Britton@kirkland.com); (v) counsel for the Existing Convertible Notes Steering

Committee, Cadwalader, Wickersham & Taft LLP, Dashwood House, 69 Old Broad Street,

London EC2M 1QS, United Kingdom, Attn: Richard L. Nevins, Esq. (Richard.Nevins@cwt.com)

and Gregory Petrick, Esq. (Gregory.Petrick@cwt.com); (vi) the Russian Standard Parties, World

Trade Center, Office 1507, Krasnopresnenskaya Emb., 12, Moscow 123610, Russia, Attn:

Dmitry Gultsev and Sergey Berestovoy; (vii) the indenture trustee, U.S. Bank National

Association, 100 Wall Street, Suite 1600, New York, New York 10005 Attn: Beverly Freeney;

(viii) the Polish Security Agent, Deutsche Bank AG, London Branch, Winchester Street, London

EC2N 2DB, United Kingdom, Attn: Trust and Security Service; and (ix) the security agent, TMF

Trustee Limited, Fifth Floor, 6 ST. Andrew Street, London, EC4A 3AE, United Kingdom, Attn:

The Directors. (collectively, the "Notice Parties").

            **PLEASE TAKE FURTHER NOTICE** that the hearing date and time, as well as

copies of all documents related to the Motion, are available free of charge by visiting the case

website maintained by Epiq Bankruptcy Solutions, LLC, the notice and balloting agent for these

chapter 11 cases, available at http://dm.epiq11.com/Roust. You may also obtain copies of any

pleadings by visiting the Bankruptcy Court's website at www.nysb.uscourts.gov in accordance

with the fees and procedures set forth therein.

Dated: New York, New York
      April 3, 2017

                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                        */s/   Jay M. Goffman*
                        Jay M. Goffman
                        Mark A. McDermott
                        Raquelle L. Kaye
                        Julie Lanz
                        Four Times Square
                        New York, New York 10036-6522
                        Telephone: (212) 735-3000
                        Fax: (212) 735-2000

                        *Counsel for Reorganized Debtors*

**Hearing Date: April 25, 2017 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: April 18, 2017 at 4:00 p.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Jay M. Goffman
Mark A. McDermott
Raquelle L. Kaye
Julie Lanz
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel for Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ROUST CORPORATION, *et al.*,** | **Case No. 16-23786 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**MOTION OF REORGANIZED DEBTORS FOR ENTRY OF FINAL DECREE AND**
**ORDER CLOSING THE REORGANIZED DEBTORS' CHAPTER 11 CASES**

---

[1] The Debtors and their respective addresses are as follows: Roust Corporation, 777 Westchester Avenue, Suite 101, White Plains, New York 10604 and CEDC Finance Corporation International, Inc. and CEDC Finance Corporation LLC, 1209 Orange Street, Wilmington, Delaware 19801.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Roust Corporation ("Roust") and certain of its affiliates, the reorganized debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, on or after February 17, 2017, the "Reorganized Debtors"), hereby move (the "Motion") the Court for entry of an order under sections 105(a) and 350 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), for a final decree and order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), closing the Reorganized Debtors' jointly-administered chapter 11 cases (the "Chapter 11 Cases"). In support of this Motion, the Reorganized Debtors respectfully represent as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 350(a), Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1.

3.      Pursuant to Bankruptcy Rule 7008, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.      On December 30, 2016 (the "Petition Date"), each of the Debtors filed

with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code

(collectively, the "Chapter 11 Cases").  The factual background regarding the Debtors, including

their business operations, their corporate and capital structure, and the events leading to the

Debtors' decision to file the Chapter 11 Cases, is set forth in the Declaration of Grant Winterton

in Support of Chapter 11 Petitions, First Day Pleadings, and Confirmation of the Joint

Prepackaged Chapter 11 Plan of Reorganization of Roust Corporation, et al. (the "First Day

Declaration") [Docket No. 2].

5.      No creditors' committee has been appointed by the Office of the United

States Trustee for the Southern District of New York (the "U.S. Trustee"), nor has a trustee or

examiner been appointed in the Chapter 11 Cases.

6.      On the Petition Date, the Debtors filed their joint prepackaged plan of

reorganization (the "Prepackaged Plan" or "Plan") [Docket No. 8] and related disclosure

statement (the "Disclosure Statement") [Docket No. 9] and a motion requesting a combined

hearing for approval of the Prepackaged Plan and Disclosure Statement to be held on January 6,

2017 [Docket No. 7]. The Debtors filed supplements to the Plan on January 6, 2017 [Docket No.

28] and January 9, 2017 [Docket No. 33] (together, the "Plan Supplements").

7.      On January 10, 2017 (the "Confirmation Date"), the Court entered its

Findings of Fact, Conclusions of Law and Order (I) Approving (A) the Disclosure Statement, (B)

the Prepetition Solicitation Procedures, and (C) Forms of Ballots, and (II) Confirming Amended

and Restated Joint Prepackaged Chapter 11 Plan of Roust Corporation, et al. [Docket No. 41]

(the "Confirmation Order"), whereby the Court confirmed the Plan.

3

8.      On February 17, 2017 (the "Effective Date"), the Debtors substantially consummated the Plan and emerged from bankruptcy (the Debtors after the Effective Date, collectively, the "Reorganized Debtors").  As authorized by the U.S. Trustee, the Debtors have timely filed all required monthly operating reports.

9.      Other than this Motion and the final fee applications scheduled to be heard contemporaneously with this Motion, no motions, contested matters, or adversary proceedings are pending in the Chapter 11 Cases.  The Reorganized Debtors submit the final report required under Local Bankruptcy Rule 3022-1 attached hereto as Exhibit B (the "Final Report"). The Reorganized Debtors will pay all quarterly fees owed to the U.S. Trustee, if any, as soon as reasonably practicable following entry of the Proposed Order.  The Reorganized Debtors do not believe that they owe any money to the Clerk of the Court as of the date hereof.  Subject to the Court's review and approval of the Final Report, the Court's role in the administration of these Chapter 11 Cases is complete.

## RELIEF REQUESTED

10.      By this Motion, the Reorganized Debtors request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, closing these Chapter 11 Cases and terminating the claims, noticing, and balloting services provided by Epiq Bankruptcy Solutions, LLC ("Epiq") in connection with these Chapter 11 Cases.

## BASIS FOR RELIEF

11.      Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "after an estate is fully administered in a chapter 11 reorganization case, the

court, on its own motion or on motion of a party in interest, shall enter a final decree closing the

case." Fed. R. Bankr. P. 3022.

13. The term "fully administered" is not defined in the Bankruptcy Code or

the Bankruptcy Rules. However, the Advisory Committee Note to Bankruptcy Rule 3022 sets

forth the following non-exclusive factors to be considered in determining whether a case has

been fully administered:

> (a)    whether the order confirming the plan of reorganization has become final;
>
> (b)    whether deposits required by the plan of reorganization have been distributed;
>
> (c)    whether property proposed by the plan of reorganization to be transferred has in fact been transferred;
>
> (d)    whether the debtor or the successor of the debtor has assumed the business or the management of the property dealt with by the plan of reorganization;
>
> (e)    whether payments under the plan of reorganization have commenced; and
>
> (f)    whether all motions, contested matters and adversary proceedings have been finally resolved.

See 1991 Advisory Comm. Note to Fed. R. Bankr. P. 3022.

13. Courts have held that a chapter 11 debtor should be removed from the

ongoing supervision of the bankruptcy court once the debtor's estate has been fully administered.

See, e.g., In re Oversight and Control Comm'n of Avanzit, S.A., 385 B.R. 525, 535 (Bankr.

S.D.N.Y. 2008); In re McClelland, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007); In re Kent

Fundings Corp., 290 B.R. 471, 476 (Bankr. E.D.N.Y. 2003); In re Kliegel Bros. Universal Elec.

Stage Lighting Co., Inc., 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999); In re Jay Bee Enter., 207

B.R. 536, 538 (Bankr. E.D. Ky. 1997); In re Indian Creek Ltd. P'ship, 205 B.R. 609, 611 (Bankr.

D. Ariz. 1997); In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).  Applying

the factors described above, these Chapter 11 Cases will have been "fully administered" by the time of the hearing on this Motion.

**A.      Administration of the Estates and Substantial Consummation of the Plan**

14.      As a result of the prepackaged nature of the Reorganized Debtors' Chapter 11 Cases and the terms of the Plan, which generally provides for the reinstatement and complete satisfaction of the Reorganized Debtors' operating liabilities, the Reorganized Debtors' Plan was substantially consummated and their estates were fully administered on the Effective Date.  For example, the Plan provides that holders of general unsecured claims, priority non-tax claims, and other secured claims are unimpaired and shall be reinstated.  Moreover, the Debtors have not filed a motion to set a bar date and consequently, there has been no requirement for creditors to file proofs of claim.[2]

15.      As set forth in further detail in Schedule 1 to the Closing Report attached hereto as <u>Exhibit B</u>, Classes 2 and 3 were the only impaired classes entitled to receive a distribution under the Plan.  Pursuant to the Plan, as of the Effective Date, the Reorganized Debtors, with the assistance of the applicable disbursing agents, as required, have made the necessary distributions to these classes under the Plan.  All distributions under the Plan, therefore, have commenced.

16.      Other than the matters scheduled to be heard at the April 25, 2017 hearing, there are no unresolved motions, contested matters, or adversary proceedings pending in these Chapter 11 Cases.

---

[2]      Although creditors are not required to file proofs of claim, three parties nevertheless filed proofs of claim.  Such claims are being paid and/or processed by the Debtors in the ordinary course of business.  Pursuant to Article VIII.A of the Plan, "[f]rom and after the Effective Date,the Reorganized Debtors may settle or compromise any Disputed Claim without approval of the Bankruptcy Court. The Debtors reserve all rights to resolve any Disputed Claim outside the Bankruptcy Court under applicable governing law."

**B.      Termination of Claims and Balloting Services**

17.      In addition to the foregoing, the Reorganized Debtors request entry of an order terminating the claims, noticing, and balloting services (collectively, the "Services") provided by Epiq pursuant to the orders authorizing the retention of Epiq as notice and claims agent [Docket No. 35] and administrative agent [Docket No. 52] (collectively, the "Epiq Retention Orders").  Upon termination of the Services, and except as otherwise provided herein, Epiq shall have no further obligations under the Epiq Retention Orders to the Court or any other party in interest with respect to the Services in these Chapter 11 Cases.

18.      Following entry of an order granting this Motion, should Epiq receive any mail regarding any of these Chapter 11 Cases, Epiq will collect and forward such mail as soon as reasonably practicable to the Reorganized Debtors.

**C.      Professional Fee Applications**

19.      As set forth above, the only other remaining items to be heard by the Court are the fee applications of the Reorganized Debtors' retained professionals (the "Fee Applications"). The Fee Applications were filed on April 3, 2017 and are scheduled for hearing on April 25, 2017, at 10:00 a.m. (prevailing Eastern time).  The Reorganized Debtors propose that the Court hold a hearing to consider this Motion on the same date.  Upon the conclusion of the Fee Application hearing and the entry of an order of the Court on those applications, the Reorganized Debtors will have no remaining business before the Court.

<b>NO PRIOR REQUEST</b>

20.      No previous request for the relief sought herein has been made to this Court or any other court.

7

## NOTICE

21.    Notice of this Motion shall be given to the following notice parties: (a) the U.S. Trustee, (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis), (c) Kirkland & Ellis LLP, counsel for the Steering Committee of holders of Existing Senior Secured Notes, (d) Cadwalader, Wickersham & Taft LLP, counsel for the Steering Committee of holders of Existing Convertible Notes, (e) U.S. Bank National Association, as indenture trustee for the Existing Senior Secured Notes and the Existing Convertible Notes, (f) Deutsche Bank AG, London Branch, as Polish security agent for the Existing Senior Secured Notes and the Existing Convertible Notes, (g) TMF Trustee Limited, as security agent for the Existing Senior Secured Notes and the Existing Convertible Notes, and (h) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).  The Debtors submit that no other or further notice need be provided.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

22.     WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein and such other relief as may be just and proper.

Dated: New York, New York
       April 3, 2017

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Jay M. Goffman*
Jay M. Goffman
Mark A. McDermott
Raquelle L. Kaye
Julie Lanz
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel for Reorganized Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| | : |
| In re: | : **Chapter 11** |
| | : |
| **ROUST CORPORATION,** *et al.*, | : **Case No. 16-23786 (RDD)** |
| | : |
| **Debtors.**[1] | : **(Jointly Administered)** |
| | : |

### FINAL DECREE AND ORDER
### CLOSING THE REORGANIZED DEBTORS' CHAPTER 11 CASES

Upon the motion of the Reorganized Debtors (the "Motion")[2] for a final decree and order (this "Order") pursuant to Bankruptcy Code sections 105(a) and 350(a), Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1 closing the chapter 11 cases jointly-administered under the above-referenced case number; and due and sufficient notice of the Motion having been given; and the Court having considered the Closing Report; and the Court having determined the Reorganized Debtors' chapter 11 cases have been fully administered; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtors, their estates and creditors; and after due deliberation thereon and due and sufficient cause appearing therefor, it is hereby,

**ORDERED, THAT:**

1.      The Motion is GRANTED as set forth in this Order.

2.      The Chapter 11 Cases on Schedule 1 hereto are hereby closed as of the date hereof.

---

[1]   The Debtors and their respective addresses are as follows: Roust Corporation, 777 Westchester Avenue, Suite 101, White Plains, New York 10604 and CEDC Finance Corporation International, Inc. and CEDC Finance Corporation LLC, 1209 Orange Street, Wilmington, Delaware 19801.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3.      The Clerk of the Court shall enter this Order on the dockets of each of the Chapter 11 Cases and such dockets shall be marked as closed.

4.      This Order is without prejudice to any parties' right to seek to re-open any of the closed Chapter 11 Cases for good cause shown.

5.      The appointment and services of Epiq Bankruptcy Solutions, LLC ("Epiq") as the claims and noticing agent in the Chapter 11 Cases shall be terminated as of the date hereof, and Epiq is hereby released from any further duties and responsibilities in the Reorganized Debtors' Chapter 11 Cases.  Notwithstanding the foregoing, as soon as practicable following the entry of this Order, the Reorganized Debtors shall pay Epiq for services performed as claims and noticing agent in accordance with the terms of this Court's Order Under 28 U.S.C. § 156(C), Bankruptcy Code Section 503(B)(1)(A), and Local Bankruptcy Rule 5075-1 Authorizing the Employment and Retention of Epiq Bankruptcy Solutions, LLC as Notice and Claims Agent [Docket No. 35] and the Engagement Letter (as such term is defined in the aforementioned order).

6.      Pursuant to Local Bankruptcy Rule 5075-1(d), Epiq shall dispose of any records and other documents that have been provided or delivered to Epiq, whether in paper or electronic form, in accordance with the *Protocol for the Employment of Claims And Noticing Agents Under 28 U.S.C. § 156(C)*.

7.      The Reorganized Debtors shall pay to the U.S. Trustee any quarterly fees which are due and payable pursuant to 28 U.S.C. § 1930(a)(6) within 10 days of such fees being due.

8.      Notwithstanding any stay that might be applicable to this Order, this Order shall be effective and enforceable immediately as of the date hereof.

2

9.      The Court shall retain jurisdiction with respect to all matters arising from

or relating to the implementation or interpretation of this Order.


Dated  New York, New York

_____, 2017


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Schedule 1</u>**

**Schedule of Chapter 11 Cases to be Closed**

| Case No. | Debtor Name |
|---|---|
| 16-23786 (RDD) | Roust Corporation |
| 16-23787 (RDD) | CEDC Finance Corporation LLC |
| 16-23788 (RDD) | CEDC Finance Corporation International, Inc. |

**<u>Exhibit B</u>**

**Closing Report**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | :    **Chapter 11** |
| | : |
| **ROUST CORPORATION,** *et al.*, | :    **Case No. 16-23786 (RDD)** |
| | : |
| Debtors.[1] | :    **(Jointly Administered)** |
| | : |

## CLOSING REPORT IN CHAPTER 11 CASES

To the best of my knowledge and belief, the following is a breakdown in these cases:

FEES AND EXPENSES (from case inception through and including the Effective Date[2]):

$2,686,576.26    FEE for ATTORNEY for DEBTOR[3]

$6,407,958.28    OTHER PROFESSIONAL FEES and ALL EXPENSES[4]

_____

N/A    TRUSTEE FEE (if applicable)

N/A    FEE for ATTORNEY for TRUSTEE (if applicable)

_____

N/A[5]    % DISTRIBUTION PAID/TO BE PAID

N/A    FUTURE DIVIDENDS (check if % of future dividend under plan not yet
able to be determined)

---

[1] The Debtors and their respective addresses are as follows: Roust Corporation, 777 Westchester Avenue, Suite 101, White Plains, New York 10604 and CEDC Finance Corporation International, Inc. and CEDC Finance Corporation LLC, 1209 Orange Street, Wilmington, Delaware 19801.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] Includes fees and expenses of legal professionals retained by Debtors pursuant to section 327 of the Bankruptcy Code. These fees and expenses have not been approved by the Court. Therefore, the amount requested in the applicable fee applications is provided as an estimate.

[4] Includes the fees and expenses of other debtor-retained professionals, Houlihan Lokey Capital, Inc. as financial advisor and Epiq Bankruptcy Solutions, LLC solely in its capacity as administrative advisor and not in its capacity as claims and noticing agent. These fees and expenses have not been approved by the Court. Therefore, the amount requested in the applicable fee applications is provided as an estimate.

[5] See Schedule 1 attached hereto.

_____

_____✓_____        INITIAL DISTRIBUTION UNDER THE PLAN COMPLETED

Dated: New York, New York
       April 3, 2017

                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                              /s/ Jay M. Goffman
                              Jay M. Goffman
                              Mark A. McDermott
                              Raquelle L. Kaye
                              Julie Lanz
                              Four Times Square
                              New York, New York 10036-6522
                              Telephone: (212) 735-3000
                              Fax: (212) 735-2000

                              Counsel for Reorganized Debtors

## **Schedule 1**

**Distributions Made Pursuant to the Plan**

## DISTRIBUTIONS MADE PURSUANT TO THE PLAN

On or after the Effective Date, the following distributions were made to, or provided for, various classes of Allowed Claims pursuant to the <u>Amended and Restated Joint Prepackaged Chapter 11 Plan of Reorganization of Roust Corporation. et al</u>. (the "<u>Plan</u>") [Docket No. 8][1] and the Confirmation Order [Docket No. 41].

| Class | Description | Treatment |
|---|---|---|
| 1 | Priority Non-Tax Claims | On the Effective Date, or as soon as reasonably practicable thereafter, each holder of an Allowed Priority Non-Tax Claim had its Claim Reinstated. |
| 2 | Existing Senior Secured Notes Claims | On the Effective Date, or as soon as reasonably practicable thereafter, in full and final satisfaction of and in exchange for all of the Debtors' obligations under the Existing Senior Secured Notes, each holder of an Allowed Existing Senior Secured Notes Claim received its pro rata share of and interests in:(a) the New Senior Secured Notes; (b) $20 million in Cash; (c) the Existing Senior Secured Notes Equity Allocation; and (d) to the extent such holder participated in the Share Placement, its pro rata share of New Common Stock issued in connection therewith as determined by the Subscription Priority Scheme. |
| 3 | Existing Convertible Notes Claims | On the Effective Date, or as soon as reasonably practicable thereafter, in full and final satisfaction of and in exchange for all of the Debtors' obligations under the Existing Convertible Notes, each holder of an Allowed Existing Convertible Notes Claim received its pro rata share of and interests in: (a) the Existing Convertible Notes Equity Allocation; (b) the Additional Convertible Notes Equity Allocation; (c) the right to participate in the Existing Senior Secured Notes Equity Subscription; and (d) to the extent such holder participated in the Share Placement, its pro rata share of New Common Stock issued in connection therewith as determined by the Subscription Priority Scheme. |
| 4 | Other Secured Claims | On the Effective Date, or as soon as reasonably practicable thereafter, each holder of an Allowed Other Secured Claim had its Claim Reinstated. |
| 5 | General Unsecured Claims | On the Effective Date, or as soon as reasonably practicable thereafter, each holder of an Allowed General Unsecured Claim had its Claim Reinstated. |

---

[1]    The information provided in this table is intended only as a summary description of the distributions made under the Plan.  Any unintended conflict between this summary and the Plan itself should not be construed in any way to modify the terms of the Plan.  Parties are referred to the Plan itself for detailed descriptions of the distributions thereunder. All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

| Class | Description | Treatment |
|-------|-------------|-----------|
| 6 | Intercompany Claims | On the Effective Date, or as soon as reasonably practicable thereafter, all Allowed Intercompany Claims were, at the election of the Reorganized Debtors and the Steering Committees, either (a) Reinstated, subject to express contractual subordination to the New Senior Secured Notes, (b) released, waived, and discharged, (c) treated as a dividend, or (d) contributed to capital or exchanged for equity. As set forth in paragraph 38 of the Confirmation Order, the Reorganized Debtors entered into an agreement to subordinate the Intercompany Claims (and any intercompany claims (i) owed to the Debtors or (ii) made between any Non-Debtor Affiliates) to the New Senior Secured Notes. |
| 7 | Existing Roust Claims | On the Effective Date, all Existing Roust Interests were deemed automatically cancelled without further action by the Debtors or Reorganized Debtors and the obligations of the Debtors and Reorganized Debtors thereunder were discharged. |
| 8 | Intercompany Interests | On the Effective Date, Allowed Intercompany Interests were Reinstated and rendered Unimpaired in accordance with section 1124 of the Bankruptcy Code. |